UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREATLEN WARREN BOZEMAN,

    Plaintiff,

v.                                                          Case No: 8:24-cv-02059-KKM-CPT

JUDGE ROBERT D. GRODE
BETH C. PETERSON,
and R. PYLE,

    Defendants.
_____

## ORDER

Greatlen Warren Bozeman, appearing pro se, sues Judge Robert D. Grode and two prosecutors. Bozeman neither pays the filing fee nor properly moves to proceed *in forma pauperis*. Further, the complaint fails to state a claim for relief.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' "

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). A shotgun pleading exacts "an intolerable toll on the trial court's docket." *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court's inherent authority includes dismissing a complaint as a shotgun pleading but that a district court must "sua sponte allow a litigant one chance to remedy such deficiencies"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." (emphasis omitted)).

Bozeman's complaint is a typical shotgun pleading. The complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," and asserts "multiple claims against multiple defendants without specifying which of the defendants [is] responsible for which acts or omissions." *Weiland*, 792 F.3d at 1322–23. The complaint offers inconsistent versions of the claims Bozeman is asserting. (Doc. 1) at 4, 6. The complaint fails to provide adequate notice of the claims and the grounds on which each claim rests.

Also, Bozeman's complaint appears frivolous in substance. Bozeman accuses a state court judge of violating both the Tucker Act and the Administrative Procedure Act in dismissing Bozeman's case (Doc. 1) at 4, 6, but neither statute imposes an obligation on a

2

state court judge. Without any support, Bozeman alleges fraud and a violation of due process. (Doc. 1) at 3–4. Finally, again without offering any supporting allegations of fact, Bozeman alleges the existence of a conspiracy. (Doc. 1) at 2–3, 6.

Bozeman uses language often used by so-called "sovereign citizens." *See, e.g.*, (Doc. 1) at 1 (explaining that Bozeman is representing himself "in Propira Persona" and asserting his "Sovereign Right" to represent himself in legal matters). "Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous." *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). As is common among this kind of vexatious litigant, Bozeman disregards the Federal Rules of Civil Procedure and the Local Rules and wastes judicial resources. *Cf. Bey v. Stuart*, No. 8:21-cv-920, 2021 WL 7448070, at *1 (M.D. Fla. July 6, 2021) (Merryday, J.) (dismissing with prejudice a frivolous complaint that "cite[d] dozens of purported 'laws,' including the 'Zodiac Constitution,' the 'Treaty of Guadalupe Hidalgo,' and the 'Pope's Letter to Obama,' " and "comprise[d] a prolix, rambling, and largely indecipherable series of allegations").

Because Bozeman fails to either pay the filing fee or properly move to proceed *in forma pauperis* and because the complaint fails to comply with the pleading requirements of Federal Rules of Civil Procedure 8(a)(2) and 10(b), the complaint is **DISMISSED** without prejudice. No later than October 30, 2024, Bozeman (1) must either pay the full

3

$405 filing fee, https://www.flmd.uscourts.gov/fees-table; 28 U.S.C. § 1914, or properly move to proceed *in forma pauperis*, https://www.uscourts.gov/sites/default/files/ao239_1.pdf; 28 U.S.C. § 1915 and (2) must amend the complaint in accord with this order. Failure to comply with this order will result in final dismissal of this action without further notice. In other words, the action will end without another opportunity to amend the complaint.

In any amended complaint and in addition to resolving the deficiencies described earlier, (1) Bozeman must plead his complaint in separate claims for relief and include no more than one claim for relief in each count of the amended complaint; (2) Bozeman must state above each count in the form of a title or a heading the name of one and only one claim for relief that the count alleges; (3) Bozeman must separate or identify the facts that support each count from the facts that support another count or counts; (4) Bozeman must in each count identify the defendant or defendants against whom that count states a claim; and (5) Bozeman must in each claim state the relief to which, based on the claim, Bozeman claims entitlement.

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a pro se party, in conducting an action. Therefore, Bozeman is strongly advised

to obtain legal advice and assistance from a member of The Florida Bar before amending the complaint. To the extent he intends to continue to represent himself in this action, Bozeman should familiarize himself with both the Federal Rules of Civil Procedure at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure and the Local Rules for the Middle District of Florida at https://www.flmd.uscourts.gov/local-rules, a copy of each of which is available in the clerk's office on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Also, Bozeman can consult the "Litigants Without Lawyers" guide at http://www.flmd.uscourts.gov/litigants-without-lawyers.

  ORDERED in Tampa, Florida, on September 30, 2024.

            */s/ Steven D. Merryday*
            STEVEN D. MERRYDAY
            UNITED STATES DISTRICT JUDGE[*]

---

[*] Signed by Judge Steven D. Merryday to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.